IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00679-BNB

CARY GAGAN,

Applicant,

v.

KEVIN MILYARD, Warden, Sterling Corr. Fac.,

Respondent.

ORDER DISMISSING CASE

Applicant, Cary Gagan, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Gagan initiated this action by filing *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the application, Mr. Gagan challenges the validity of his conviction and sentence in Arapahoe County District Court case number 01CR525. In an order filed on March 26, 2010, Magistrate Judge Boyd N. Boland directed Mr. Gagan to file an amended application pursuant to 28 U.S.C. § 2254 rather than § 2241 because he is challenging the validity of a state court conviction and sentence and not the execution of his sentence.

On April 2, 2010, Mr. Gagan filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising the same claims challenging the validity of his state court conviction and sentence. Mr. Gagan's signature on the amended application is dated March 25, 2010 and it appears that the amended application

crossed in the mail with Magistrate Judge Boland's March 26, 2010 order directing Mr. Gagan to file an amended application pursuant to 28 U.S.C. § 2254.

On April 27, 2010, Mr. Gagan filed two documents in this action. The first is titled "Applicant Cary Gagan's Response to Order Directing Applicant to File Amended Application and Motion for Order Unsealing Court Documents, #02CR193MK" [Docket No. 11], which Mr. Gagan signed on April 22, 2010. Mr. Gagan alleges in the response that he needs access to sealed documents in his federal criminal case, Case No. 02-cr-00193-MSK, in order to file an amended habeas corpus application on the proper form, and he asks the Court to unseal those documents. Although it is not clear why Mr. Gagan needs access to sealed documents in his criminal case in order to restate his claims on the proper form, the request to unseal those documents will be denied because any such request must be made in Case No. 02-cr-00193-MSK. At the end of his response, Mr. Gagan asks the court to dismiss this action if the Court has no authority to unseal the sealed documents in his criminal case.

The second document Mr. Gagan filed on April 27, 2010 is titled "Declaration Under Penalty of Perjury of Cary Gagan" [Docket No. 12], which Mr. Gagan signed on April 25, 2010. Mr. Gagan states in the declaration that he has been denied copies of various documents he seeks to file in this action and in actions in other courts, and he asks the Court to dismiss this action without prejudice because he is unable to prepare a meaningful amended application in light of these copy restrictions.

The Court must construe the documents filed by Mr. Gagan liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will

construe Mr. Gagan's requests to dismiss this action in the response [Docket No. 11] and declaration [Docket No. 12] filed on April 27, 2010 as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Gagan "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by Respondent in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that Applicant's request to unseal the sealed documents in his criminal case, which he makes in his response [Docket No. 11] filed on April 27, 2010 is denied. It is

FURTHER ORDERED that Applicant's requests to dismiss this action, which he makes in the response [Docket No. 11] and declaration [Docket No. 12] filed on April 27, 2010 are construed as a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). It is

FURTHER ORDERED that the voluntary dismissal is effective as of April 27, 2010, the date the liberally construed notice was filed in this action. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 3rd day of May, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00679-BNB

Cary Gagan
Prisoner No. 58938
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/4/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk